■ ‍ In the Matter of the Estate of WILLIAM J. McKAY, Deceased. PHILIP DAVIS, Appellant-Respondent; RUTH G. McKAY, Respondent-Appellant.— In a proceeding by a widow as residuary legatee under her deceased husband's will, pursuant to section 231-a of the Surrogate's Court Act, to fix the compensation of her former attorney for legal services rendered by him to her in various proceedings affecting her share of the estate, in which, after a trial, the jury had rendered a verdict for $25,000 in the attorney's favor, the parties cross-appeal from an order of the Surrogate's Court, Westchester County, made July 15, 1963, which, on the widow's motion for a new trial and to set aside the verdict as excessive and as against the weight of the evidence, granted the new trial and set aside the verdict unless the attorney should stipulate to reduce the amount of the verdict to $14,000. The attorney contends that the verdict should be reinstated. The widow contends that her motion for the new trial should have been granted unconditionally and that the verdict, even if reduced to $14,000, is still excessive. Order, insofar as appealed from by the respective parties, affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.

■ VALDA W. KING, Respondent, v. FRANK S. KING, Appellant.— In an action by a wife for a judicial separation, the defendant husband appeals from an order of the Supreme Court, Kings County, dated June 15, 1964, which: (1) awarded to the wife $35 a week as alimony *pendente lite* and a counsel fee of $350; and (2) referred the matter of an additional counsel fee to the trial court for determination. Order affirmed, without costs (see *Goldberg* v. *Goldberg*, 4 A D 2d 884). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.